IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LEE SWIMMING POOLS, LLC<br>f/k/a/ BAY POOL COMPANY, LLC | PLAINTIFF |
| v. | CAUSE NO. 1:18CV118-LG-RHW |
| BAY POOL COMPANY CONSTRUCTION<br>LLC, and ADAM LANDRUM | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING MOTION TO DISMISS</u>**

BEFORE THE COURT is the [9] Motion to Dismiss filed by the defendants, Bay Pool Company Construction, LLC and Adam Landrum. After the plaintiff responded to the motion, the defendants filed a [14] Supplemental Motion to Dismiss. The plaintiffs moved to [15] Strike the Supplemental Motion to Dismiss.

It is the Court's opinion that the "supplemental motion to dismiss" should be construed as a rebuttal to the plaintiffs' response to the Motion to Dismiss. The Supplemental Motion to Dismiss is therefore rendered moot, and the motion to strike it will be denied. Further, after due consideration of the parties' submissions concerning diversity jurisdiction and the relevant law, it is the Court's opinion that it has jurisdiction over the parties in this case. Accordingly, the defendants' Motion to Dismiss will be denied.

BACKGROUND

This is a breach of contract action. The plaintiff Lee Swimming Pools, LLC sold the assets of Bay Pool Company, LLC to Bay Pool Company Construction, LLC ("BPCC") for $200,000 in February 2016. The contract provided for a $50,000 down

payment, with the remaining $150,000 to be paid by monthly payments calculated from monthly sales and supplier rewards. (Am. Compl. Ex. A, at 1-2, ECF No. 3-1.) The plaintiff alleges that BPCC stopped making payments after August 2017, when the outstanding balance was $96,988.10. (Am. Compl. 3, ECF No. 3.) The plaintiff's claims against BPCC and its president Adam Landrum are for breach of contract, tortious breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment. Jurisdiction is based on the alleged diversity of the parties; BPCC and Landrum are alleged to be a citizens of Louisiana, while the plaintiff is alleged to be a citizen of Mississippi.

The defendants filed the motion now before the Court seeking dismissal for lack of subject matter jurisdiction, arguing that complete diversity does not exist because defendant Adam Landrum is actually a citizen of Mississippi.[1]

ESTABLISHING DIVERSITY OF CITIZENSHIP

The plaintiff seeking to recover in a federal court has the burden to show that there was complete diversity of citizenship when the complaint was originally filed. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 224 (5th Cir. 2012). The defendants argue that the plaintiff cannot show complete diversity because Defendant Adam Landrum was a resident of Mississippi when this lawsuit was filed in April 2018. They support this argument with three bills for services at a Bay St. Louis,

---

[1] Although not dispositive in this case, as a member of the BPCC LLC Landrum's citizenship also determines the citizenship of the LLC. *Brand Servs., L.L.C. v. Irex Corp.*, No. 17-30660, 2018 WL 5023783, at *2 (5th Cir. Oct. 17, 2018).

Mississippi address and applications to rent unidentified property.

When a defendant makes a "factual" attack on a court's subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Morris v. U.S. Dept. of Justice*, 540 F. Supp. 898, 900 (S.D. Tex. 1982) *aff'd*, 696 F.2d 994 (5th Cir. 1983). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties."
*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Kidd v. Sw. Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990)); *see also Griffin v. Lee*, 621 F.3d 380, 383-84 (5th Cir. 2010).

When a party is a person, citizenship is determined by where the party is domiciled. *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). Domicile requires the demonstration of two factors: residence and the intention to remain for an unlimited time. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007). An allegation of citizenship in the new state is not sufficient. "When a person's citizenship is challenged, the burden rests with that person to establish her citizenship by a preponderance of the

evidence." *Costopoulos v. Uber Techs., Inc.*, No. CV 18-3590, 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) (citing *Preston*, 485 F.3d at 798). The Fifth Circuit has explained that "the party attempting to show a change [in domicile] assumes the burden of going forward on that issue. The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction." *Coury v. Prot*, 85 F.3d 244, 250-51 (5th Cir. 1996).

To determine "whether a person has changed his domicile, courts look at many factors." Acridge v. Evangelical Lutheran Good Samaritan Society, 334 F.3d 444, 448 (5th Cir. 2003). They include "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251. "Domicile is . . . evaluated in terms of objective facts." *Freeman*, 754 F.2d at 556.

## DISCUSSION

Adam Landrum attacks the factual basis of the Court's diversity jurisdiction with 1) his affidavit stating that the statements in his motion to dismiss are true and correct, including that he is a resident of Mississippi residing at 419 Third Street in Bay St. Louis, Mississippi; 2) a bill dated October 24, 2017 from AT&T for new service, addressed to him at 419 Third Street in Waveland (Def. Mot. Ex. A, ECF No. 9-2); 3) two water bills addressed to Whittney Landrum for service at 419 Third Street in November 2017 and March 2018 (Def. Mot. Ex. B, ECF No. 9-3); and

3) two separate rental applications dated October 11, 2017, signed by Adam Landrum and Whittney Landrum, for an unidentified property. (Def. Reb. Ex. B, ECF No. 14-2.) Both applications state "we are the homeowners" of 30939 Ridgeway Drive in Walker, Louisiana. (*Id.*)

The plaintiff argues that it correctly alleged Adam Landrum's Louisiana citizenship, because public records maintained by the Mississippi Secretary of State show that BPCC is a Louisiana Limited Liability Company and that "Manager, Member, President" Adam Landrum's address is 30939 Ridgeway Drive in Walker, Louisiana. (Pl. Resp. Ex. A, ECF No. 12-1.) The Court notes that the Louisiana Secretary of State's public records show the same address for Adam Landrum as a member of BPCC LLC.

The Court concludes that the evidence presented does not overcome the presumption that Landrum's domicile continues to be Louisiana. His business has offices in Louisiana and Bay St. Louis, Mississippi. He apparently owns real property in Louisiana while he rents real property in Mississippi. Given all the possible ways to show indicia of the intention to stay in Mississippi listed above, he has provided only a few bills for services at a home in Mississippi. Although he may maintain a household in Mississippi, that is insufficient to establish his domicile here. In sum, there is scant evidence of residence in Mississippi, and no evidence of intention to remain indefinitely. For these reasons, the Court finds that it has diversity jurisdiction in this case. The defendants' Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [9] Motion to

Dismiss filed by the defendants, Bay Pool Company Construction, LLC and Adam Landrum, is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [14] Supplemental Motion to Dismiss is **MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [15] Motion to Strike Supplemental Motion to Dismiss is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE