IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC** | **PLAINTIFF** |
| v. | CAUSE NO. 1:18CV118-LG-RHW |
| **BAY POOL COMPANY CONSTRUCTION, LLC, and ADAM LANDRUM** | **DEFENDANTS/COUNTER-PLAINTIFFS** |
| v. | |
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC; JOEL LEE, individually and as the agent/member of LEE SWIMMING POOLS, LLC** | **COUNTER-DEFENDANTS** |
| **BAY POOL COMPANY CONSTRUCTION, LLC, and ADAM LANDRUM** | **THIRD-PARTY PLAINTIFFS** |
| v. | |
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC; JOEL LEE, individually and as the agent/member of LEE SWIMMING POOLS, LLC; and JOEL BUCHANAN, individually and as the agent/member of ISLAND VIEW POOLS, LLC** | **THIRD-PARTY DEFENDANTS** |

**ORDER REGARDING SUMMARY JUDGMENT MOTIONS**

BEFORE THE COURT are three summary judgment motions in this breach of contract case. First is the fully briefed [95] Motion for Summary Judgment filed

by Plaintiffs/Counter-Defendants Lee Swimming Pools, LLC, f/k/a Bay Pool Company, LLC and Joel Lee. Second are two motions for which there was no reply brief filed: the [96] Motion for Summary Judgment filed by Counter-Defendants Island View Pools, LLC and Joel Buchanan, and the [102] Motion for Summary Judgment or to Dismiss filed by Defendant/Counter-Plaintiff Adam Landrum. Because these motions involve common issues of law and fact, they are resolved together.

After due consideration, the Court concludes that the claims against Adam Landrum should be dismissed; the breach of contract claims that are at the heart of this case should go to the jury; and the remainder of the claims do not have sufficient factual support to create a jury question. The Motions are therefore granted in part and denied in part.

## BACKGROUND

This is a breach of contract action. Plaintiff Lee Swimming Pools, LLC sold the assets of Bay Pool Company, LLC to Bay Pool Company Construction, LLC ("BPCC") for $200,000 in February 2016. The contract provided for a $50,000 down payment, with the remaining $150,000 to be paid by monthly payments calculated from monthly sales and supplier rewards. (Am. Compl. Ex. A, at 1-2, ECF No. 3-1.) Lee Swimming Pools alleges that BPCC stopped making payments after August 2017, when the outstanding balance was $96,988.10. (Am. Compl. 3, ECF No. 3.) Lee Swimming Pools' claims against BPCC and its president Adam Landrum are

for breach of contract, tortious breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment.

BPCC and Landrum (the "Landrum Parties") filed [8] counterclaims against Lee Swimming Pools, LLC for breach of contract and related torts, seeking compensatory and punitive damages. The Landrum Parties also filed a [24] third-party complaint against Island View Pools, LLC, its sole member Joel Buchanan (the "Buchanan Parties"), and Joel Lee. The third-party complaint includes claims of breach of contract and related torts and seeks compensatory and punitive damages.

The summary judgment motion filed by Lee Swimming Pools and Joel Lee (the "Lee Parties") asserts that they are entitled to summary judgment as to all claims against them in the First Amended Counterclaim and the Third-Party Complaint. The Buchanan Parties' summary judgment motion asserts that they are entitled to summary judgment as to all claims against them in the Third-Party Complaint. Adam Landrum's motion asserts that he is entitled to dismissal or summary judgment as to all claims against him in the First Amended Complaint.

## DISCUSSION

### 1. Breach of Contract

"A breach-of-contract case has two elements: (1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So.3d 1221, 1224 (Miss. 2012)). Only Adam

Landrum, in his separately filed summary judgment motion, disputes the existence of a valid and binding contract. Adam Landrum argues that he, as an individual, was not a party to the Agreement, and therefore he cannot be liable for a breach of the Agreement. As for the remaining parties, their positions are as follows:

1) the Lee Parties argue that they "assisted with the orderly transition of the business to the Landrum parties for a longer period than was required" but the Landrum Parties have not paid the Lee Parties the full amount due under the Agreement. (Lee Parties Mem. 4, ECF No. 97.)

2) the Landrum Parties argue that the Lee Parties materially breached the Agreement by violating the noncompete clause, and thereby relieved the Landrum Parties of their obligation to pay the full amount due. According to the Landrum Parties, the Lee Parties violated the noncompete clause by engaging in pool construction business with the Buchanan Parties in Mississippi.

A.  Adam Landrum's Motion to Dismiss or for Summary Judgment

Adam Landrum, individually, moves for dismissal of the breach of contract and related claims made against him by Lee Swimming Pools, LLC in the First Amended Complaint. Adam argues that he is not a party to the Agreement; he merely signed it as President of BPCC. The Lee Parties argue that Adam pledged his personal assets as collateral for the debt owed on the Agreement, and therefore "he is properly before this Court as a necessary and named defendant that has participated in breaching the Agreement, causing harm to the Lee parties." (Lee Parties Mem. Resp. 3, ECF No. 112.) The provision at issue reads:

> Buyer agrees to the following payment terms of the remaining owed $150,000. Buyer will maintain professional accountant to oversee books. 2% of total sales will be paid to seller monthly until $150,000 is paid back. Any dollar rewards from suppliers shall be paid to seller toward the balance. Seller retains rights to all items included in the sale, future purchases of Adam Landrum/Bay Pool Company Construction and personal assets of Adam Landrum until the full balance of $200,000 is paid in full.

(Asset Purchase Agmt. 5, ECF No. 96-7) (ECF pagination).

This provision does not make Adam Landrum a party to the Agreement. It merely purports to make him a guarantor of BPCC's obligations. The parties to the Agreement are the LLC's, who are the "buyer" and "seller."

> THIS AGREEMENT MADE THIS 19TH DAY OF FEBRUARY, 2016, BY AND BETWEEN, BAY POOL COMPANY, LLC, "SELLER" AND BAY POOL COMPANY CONSTRUCTION, LLC."PURCHASER". SELLER PRINCIPAL AND REPRESENTATIVE IS JOEL T. LEE, 9919 GOLF CLUB DRIVE, DIAMONDHEAD MS 39525 AND PURCHASER PRINCIPAL IS ADAM T. LANDRUM 30939 RIDGEWAY DRIVE, WALKER LA

(*Id.* at 1.) Each principal signed the Agreement on behalf of his respective LLC, but neither signed as an individual.

> SELLER:
> BAY POOL COMPANY, LLC.
> BY: _____ 3/29/16
> (JOEL T. LEE, President)
>
> BUYER:
> BAY POOL COMPANY CONSTRUCTION, LLC.
> BY: _____ 3/29/16
> (ADAM LANDRUM, President)

(*Id.* at 6.)

Adam Landrum, as an individual, is not a party to the Agreement. Lee Swimming Pools' claims against Adam Landrum for breach of contract, breach of the implied duty of good faith and fair dealing, and tortious breach of contract must all be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Rosenfelt v. Mississippi Dev. Auth.*, 262 So. 3d 511, 517 (Miss. 2018), *reh'g denied* (Feb. 7, 2019)( Because the alleged agreements were with the LLCs Rosenfelt was representing, he has no right to enforce the agreements personally, even if the LLCs were entirely owned and operated by him. It is fundamental corporation and agency law that a corporation's shareholder and contracting officer has no rights and is exposed to no liability under the corporation's contracts.). Each of these claims requires the showing of a valid and enforceable contract between Adam Landrum and Lee Swimming Pools. The facts alleged in the First Amended Complaint and its attachments are insufficient to state any breach of contract claim against Adam Landrum that is plausible on its face. *See Phillips v. City of Dallas, Tex.*, 781 F. 3d 772, 775-76 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, Adam moves for dismissal of Lee Swimming Pools' unjust enrichment claim. "Unjust enrichment applies to situations 'where there is no legal contract and "the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another."'" *Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365, 371 (Miss. 2013) (emphasis omitted) (quoting *Powell v. Campbell*, 912 So. 2d 978, 982 (Miss.

2005)). In support of his motion, Adam argues that 1) there is no allegation he received any payment that he should not retain; 2) he is not actually in possession of money or property belonging to Lee Swimming Pools; and 3) the money allegedly owed in this case is subject to a legally binding contract between Lee Swimming Pools and BPCC.

Lee Swimming Pools did not respond to this portion of Adam Landrum's Motion. Review of the allegations shows that the unjust enrichment claim is, in actuality, a breach of contract claim. Lee Swimming Pools alleges that

> Bay Pool Construction represented that it would pay $200,000.00 for the purchase of the construction and maintenance company. Landrum guaranteed the payment. However, Bay Pool Construction has never provided the recapitulation of the monthly sales to show that it was making the correct payments toward the balance. Further Bay Pool Construction ceased making any payments following August 1, 2017. Bay Pool Construction and Landrum have failed to pay the total purchase price of the contract, leaving $96,988.10 due and owing. Therefore, they have been unjustly enriched at the expense of Lee Swimming Pools.

(Am. Compl. 5-6, ECF No. 3.) In other words, BPCC made sales, failed to forward the contracted portion of sales to Lee Swimming Pools, and Adam Landrum has not made good on his "guarantee."

Because Adam Landrum is not a party to the Agreement, the "guarantee" language is unenforceable against him as a matter of contract. Additionally, the allegation is that BPCC – not Adam Landrum – received and retained funds that belong to Lee Swimming Pools. This allegation does not state a plausible claim that Adam Landrum has possession of funds belonging to Lee Swimming Pools. For

these reasons, the unjust enrichment claim against Adam Landrum should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. The LLC's Breach of Contract/Breach of the Duty of Good Faith and Fair Dealing Claims

There is no dispute that BPCC did not pay the full amount due under the Agreement, and thus no question that it breached the Agreement. According to the First Amended Complaint, BPCC's last payment to Lee Swimming Pools was made around August 1, 2017. The repayment term specified that "2% of total sales will be paid to seller monthly until $150,000 is paid back." (Asset Purchase Agmt. 5, ECF No. 96-7.) Lee Swimming Pools requested an accounting by letter dated October 24, 2017 to confirm that BPCC was in compliance with the Agreement. (Am. Compl. Ex. B, at 2, ECF No. 3-2 (ECF pagination).)

The Landrum Parties produced evidence in support of their argument that their failure to pay was excused because the Lee Parties materially breached the Agreement first by violating the noncompete clause. Specifically, Bay Pool Company, LLC applied for and obtained a permit on September 20, 2017 to construct a swimming pool in Bay St. Louis, Mississippi. (Landrum Parties' Resp. in Opp. to Buchanan Parties' Mot. for Summ. J. Ex. 7, ECF No. 113-8.) The Asset Purchase Agreement forbids Bay Pool Company, LLC from "providing swimming pool construction and maintenance for a period of five (5) years" in Mississippi and Louisiana. (Asset Purchase Agmt. 3, ECF No. 96-7.)

Both Joel Lee and Joel Buchanan testified that Buchanan (the principal of Island View Pools, LLC) actually applied for the permit in Bay Pool Company,

LLC's name.  (Joel Lee Dep. 78, ECF No. 115-9; Buchanan Dep. 15, ECF No. 115-10.)  Lee testified he had no knowledge that Buchanan had obtained a pool construction permit in Bay Pool Company's name.  (Joel Lee Dep. 78-79, ECF No. 115-9.)  Whittney Landrum testified she was familiar with and recognized Lee's signature on the permit.  (Whittney Landrum Dep. 60, ECF No. 115-4.)  This evidence presents a credibility issue not suitable for resolution on summary judgment.  Instead, a jury must make the credibility choices and factual findings necessary to resolve the breach of contract claims between Lee Swimming Pools and BPCC.

Because the breach of contract claims should proceed to trial, the claims for breach of the duty of good faith and fair dealing should likewise proceed to trial. *Constr. Servs., L.L.C. v. Indus. & Crane Servs., Inc.*, No. 1:17CV304-HSO-JCG, 2019 WL 1246482, at *6 (S.D. Miss. Mar. 18, 2019).

    C.  <u>Tortious Breach of Contract</u>

A tortious breach of contract is a breach of contract coupled with "some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." *Wilson v. Gen. Motors Acceptance Corp.*, 883 So.2d 56, 66 (Miss. 2004).  The claim has been brought by the Landrum Parties against the Lee Parties, (3d Party Compl. 5, ECF No. 24) and by Lee Swimming Pools against the Landrum Parties.  (Am. Compl. 4-5.)

First, this claim is not viable to the extent it has been brought against or by individual defendants Adam Landrum and Joel Lee because neither is a contracting party.

Next, BPCC's evidence supporting its claim against Lee Swimming Pools is that Buchanan "admitted" he obtained the pool construction permit for Lee. (Landrum Parties' Mem. Resp. to Lee Parties' Mot. Summ J. 6, CF No. 116.) This evidence does not show a separate tort, but is simply the method by which Lee Swimming Pools is alleged to have committed a breach of contract. For its part, Lee Swimming Pools alleges that the BPCC's "failure to respond in any meaningful way to Lee Swimming Pools' notifications of a breach of the contract has caused, and continues to cause, Lee Swimming Pools to be exposed to damages as a result of the delays in payment." (Am. Compl. 5, ECF No. 3.) These allegations describe an ordinary course of events attendant to a breach of contract, not actions that constitute an independent tort.

The Court concludes that even if the jury were to find that one of the contracting LLCs breached the Agreement, neither LLC has made sufficient allegations or produced evidence that would allow a jury to find that the breach was tortious. For these reasons, the tortious breach of contract claim will be dismissed as to all parties.

3. **Potential Interference with Contract and Advantageous Business Activities**

The Landrum Parties bring a claim of "potential interference with contract and advantageous business activities" against the Lee Parties and the Buchanan

Parties. (3d Party Compl. 5-6, ECF No. 24.) The Court construes this as claims of tortious interference with contract and tortious interference with business relations.

The Fifth Circuit has set out the elements necessary to establish a tortious interference claim:

> Pursuant to Mississippi law, tortious interference with business relations requires showing: "(1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual loss and damage resulted." *PDN, Inc. v. Loring*, 843 So. 2d 685, 688 (Miss. 2003). In addition to the above elements, *tortious interference with contract* includes malicious interference with a valid contract. *Levens v. Campbell*, 733 So. 2d 753, 759-61 (Miss. 1999).

*Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 458-59 (5th Cir. 2005) (emphasis in original).

The Court notes initially that a party to a contract cannot be liable for tortious interference with the same contract. *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 745 (Miss. 2019). Because Lee Swimming Pools was a party to the contract, BPCCs tortious interference with contract claim against it must be dismissed.

The acts BPCC submits support its tortious interference claim are that 1) Joel Lee "transported and delivered a fiberglass pool to a residence in Mississippi;" 2) Joel Buchanan and Island View Pools have done business with Joel Lee and Lee Swimming Pools; and 3) "Joel Buchanan has responded to customer requests/questions on Lee Swimming Pools' Facebook page about pool construction in Mississippi." (3d Party Compl. 3-4, ECF No. 24.)

BPCC asserts that the "most important evidence" of acts supporting its claim is Joel Buchanan's testimony that he signed the Bay Pool Company permit application for Joel Lee, because "[t]hat is evidence of the intention to interfere and collusion to harm." (*Id.* at 9.) BPCC also points to deposition testimony from Whittney Landrum. Whittney stated that on some unspecified date, she observed "Joel Buchanan [ ] picking up Joel Lee's equipment." (Whittney Landrum Dep. 31, ECF No. 115-4.) She followed Buchanan to a jobsite in Diamondhead, Mississippi. (*Id.*) Additionally, Whittney noted similarities between Facebook pages for Island View Pools and Lee Swimming Pools, and potential referrals from Lee Swimming Pools to Island View Pools. The remainder of her testimony relates a number of things she was told by other parties about the activities of Joel Lee, Joel Buchanan, and their respective LLCs. (Landrum Parties Mem. Resp. to Lee Swimming Pools, LLC's Mot. Summ. J. 7-9, ECF No. 116.) The statements of other people are not competent summary judgment evidence when offered through Whittney's testimony, so they must be disregarded.

Whittney's testimony about Buchanan's use of Lee's equipment does not establish tortious interference. The Agreement does not prohibit Joel Lee from allowing others to use his equipment, and he has a lawful right to do so. *See Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 746 (Miss. 2019) (interference complained of must be wrongful in order to be actionable). The Agreement also does not prohibit Lee Swimming Pools from advertising, nor does it require Lee Swimming Pools to refer any pool construction inquiry to BPCC beyond an initial

thirty-day transition period.[1]. There is nothing inherently wrongful about these activities. Since tortious interference with business relations occurs only when "a person unlawfully diverts prospective customers away from one's business," *Par Industries, Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (Miss. 1998), there is no question of material fact for the jury concerning this claim.

However, Bay Pool Company's pool construction permit is another matter, because that indicates a direct violation of the Agreement. Evidence of who signed the application, and thus committed the act, is conflicting. Nevertheless, it was an intentional and willful act, satisfying the first element of a tortious interference claim. Whether the act was calculated to cause damage or done with the unlawful purpose of causing damage and loss to BPCC are questions of motive and intent not appropriate for resolution on summary judgment. *See Cooper Tire & Rubber Co.*, 423 F.3d at 459. There is some evidence of actual loss and damage BPCC suffered as a result. BPCC's Rule 30(b)(6) deponent – Whittney Landrum – testified that at the time of her deposition she did not know how many pools BPCC had lost out on constructing. (BPCC Dep. 90, ECF No. 95-6.) But she did estimate that BPCC had lost around $1.2 million "after Joel Lee and [Buchanan] came in cahoots and he began competing." (*Id.* at 88.) Some of this loss can be attributed to the pool construction permit applied for in the name of Bay Pool Company. For this reason,

---

[1] The Agreement provides that the "Seller agrees to provide a . . . 30-day transition period . . . . During this period seller will use their best efforts to promote the business of the buyer and effect an orderly transition of all customers to the buyer." (Buchanan Mot. Summ. J. Ex. G, at 2, ECF No. 96-7.)

the Court finds sufficient evidence to present a jury question on BPCC's claim of tortious interference with contract against Joel Lee and Joel Buchanan.

**4. Civil Conspiracy and Collusion**

In Mississippi, a claim of civil conspiracy "requires a finding of: (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Braddock Law Firm, PLLC v. Becnel*, 139 So. 3d 722, 726 (Miss. Ct. App. 2013). "For a civil conspiracy to arise, the alleged confederates must be aware of the fraud or wrongful conduct at the beginning of the agreement." *Bradley v. Kelley Bros. Contractors*, 117 So. 3d 331, 339 (Miss. Ct. App. 2013). "And even if there is a clear agreement on the front end, '[a] conspiracy standing alone, without the commission of acts causing damage is not actionable.'" *Id.* (quoting 15A C.J.S. Conspiracy § 7). "Mississippi follows the rule of almost all jurisdictions in uniformly requiring that civil conspiracy claims be predicated upon an underlying tort that would be independently actionable." *Waggoner v. Denbury Onshore, L.L.C.*, 612 F. App'x 734, 739 (5th Cir. 2015) (citations omitted).

The Lee Parties argue that there is no evidence that the Lee and Buchanan Parties conspired or colluded against the Landrum Parties; that the only evidence in support of this claim is merely hearsay and innuendo. The Lee Parties specifically argue that the Landrum Parties have not produced any admissible evidence that the Lee and Buchanan Parties formed a partnership, entered into a contract to form a business, exchanged monies in furtherance of a business, or

performed any other act in furtherance of starting or operating a business to compete with the Landrum Parties.

The Landrum Parties argue that "through conspiracy and collusion the Buchanan parties assisted the Lee parties in breaching their duties to the Landrum parties." (Landrum Parties Resp. Mem. To Pl. Mot. Summ. J. 13, ECF No. 116.) The Landrum Parties contend that the record is replete with admissible evidence of conspiracy and collusion. (*Id.*). The facts cited are those testified to by Whittney Landrum above, which are either not suggestive of wrongdoing or offered only in the form of inadmissible hearsay. (*See id.* 10-12.) The Court therefore finds no question of material fact for the jury on the civil conspiracy claim.

### 5. Damages

The Lee Parties argue that the Landrum Parties have failed to provide any proof of lost income and increased expenses as claimed in the Amended Complaint. Monetary damages are not an element of a breach of contract claim, and the Court earlier noted testimony from BPCC's 30(b) deponent that provided enough evidence of monetary damages to allow the jury to consider that as a remedy. *See Home Base Litter Control, LLC v. Claiborne Cty.*, 183 So. 3d 94, 102 (Miss. Ct. App. 2015) ("[A] plaintiff seeking monetary damages for breach of contract must put into evidence, with as much accuracy as possible, proof of the damages being sought.").

## CONCLUSION

There are questions of material fact regarding BPCC's and Lee Swimming Pools' claims of breach of contract and breach of the duty of good faith and fair

dealing. BPCC has also shown a question of material fact concerning its tortious interference with contract claim against Joel Lee and Joel Buchanan. The remainder of the parties' claims lack sufficient evidence to create a question of material fact and will be dismissed.

**IT IS THEREFORE ORDERED AND AJDUDGED** that the [95] Motion for Summary Judgment filed by Plaintiffs/Counter-Defendants Lee Swimming Pools, LLC, f/k/a Bay Pool Company, LLC and Joel Lee is **DENIED** as to the breach of contract and breach of the duty of good faith and fair dealing claims against it. The Motion is **GRANTED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [96] Motion for Summary Judgment filed by Counter-Defendants Island View Pools, LLC and Joel Buchanan is **DENIED** as to the claim of tortious interference with contract claim brought by Bay Pool Company Construction, LLC, and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [102] Motion to Dismiss pursuant to Fed. R. Civ. 12(b)(6) by Defendant/Counter-Plaintiff Adam Landrum is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE