IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC** | **PLAINTIFF** |
| v. | CAUSE NO. 1:18CV118-LG-RPM |
| **BAY POOL COMPANY CONSTRUCTION, LLC** | **DEFENDANT** |
| v. | |
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC** | **COUNTER-DEFENDANT** |
| **BAY POOL COMPANY CONSTRUCTION, LLC, and ADAM LANDRUM** | **THIRD-PARTY PLAINTIFFS** |
| v. | |
| **JOEL LEE, individually and as the agent/member of LEE SWIMMING POOLS, LLC; ISLAND VIEW POOLS, LLC; and JOEL BUCHANAN, individually and as the agent/member of ISLAND VIEW POOLS, LLC** | **THIRD-PARTY DEFENDANTS** |

### ORDER REGARDING MOTIONS IN LIMINE

**BEFORE THE COURT** are a [124] Motion *in Limine* Regarding Damages and a [126] Motion in *Limine* to Prohibit Expert Testimony, both filed by Plaintiff Lee Swimming Pools, LLC and Third-Party Defendant Joel Lee ("Lee Parties"). After due consideration of the Motions and the relevant law, it is the Court's opinion that the Motions are unnecessary and should be denied.

This is a breach of contract action. Plaintiff Lee Swimming Pools, LLC sold the assets of Bay Pool Company, LLC to Bay Pool Company Construction, LLC ("BPCC") for $200,000 in February 2016. The contract provided for a $50,000 down payment, with the remaining $150,000 to be paid by monthly payments calculated from monthly sales and supplier rewards. Lee Swimming Pools alleges in its [3] Amended Complaint that BPCC stopped making payments in August 2017, when the outstanding balance was $96,988.10. BPCC and its managing member, Adam Landrum, have filed a [8] Counterclaim against Lee Swimming Pools, LLC. BPCC and Landrum later brought a [24] Third-Party Complaint against Joel Lee, Island View Pools, LLC ("Island View"), and its sole member Joel Buchanan.

The record reflects that the parties have consented to a bench trial in this matter. (*See* Text-Only Order, Nov. 4, 2020). Plaintiff and Counter-Defendant, Lee Swimming Pools, filed the instant Motions *in Limine* on February 3, 2021. In its first [124] Motion *in Limine*, the Lee Parties ask the Court to exclude evidence of damages which Defendant/Counter-Plaintiffs have allegedly failed to produce in discovery. In the second [126] Motion, it asks the Court to preclude Defendant/Counter-Plaintiffs from calling experts which have not been designated in accordance with Rule 26. Third-party defendants Joel Buchanan and Island View Pools have [127] joined both Motions.

Because this matter is set for a bench trial, the Court finds that these Motions *in Limine* "are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp.*

-- 2 --

*Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001). "Without a jury, . . . motions *in limine* . . . serve no real purpose." *Morgan v. Miss.*, No. 2:07CV15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (citing 75 Am. Jur.2d *Trial* § 45 (West 2009) and Fed. R. Evid. 103(c)); *see also Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, No. 3:11CV739-KTS-MTP, 2013 WL 28284, at *1 (S.D. Miss. Jan. 2, 2013) (citing *Cramer*, 141 F. Supp. 2d at 733 and *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Rather, "[t]he Court will address the admissibility of the parties' evidentiary submissions upon any objection properly raised at trial." *Enniss Family Realty*, 2013 WL 28284, at *1.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [124] [126] Motions *in Limine* are **DENIED**. The parties will be permitted to make objections at trial.

**SO ORDERED AND ADJUDGED** this the 4th day of February, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE