IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC** | **PLAINTIFF** |
| v. | CAUSE NO. 1:18-cv-118-LG-RPM |
| **BAY POOL COMPANY CONSTRUCTION, LLC** | **DEFENDANT/COUNTER-PLAINTIFF** |
| v. | |
| **LEE SWIMMING POOLS, LLC, f/k/a BAY POOL COMPANY, LLC** | **COUNTER-DEFENDANT** |
| **BAY POOL COMPANY CONSTRUCTION, LLC** | **THIRD-PARTY PLAINTIFF** |
| v. | |
| **JOEL LEE, individually and as the agent/member of LEE SWIMMING POOLS, LLC; ISLAND VIEW POOLS, LLC; and JOEL BUCHANAN, individually and as the agent/member of ISLAND VIEW POOLS, LLC** | **THIRD-PARTY DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER VACATING FINDING OF FACT AND CONCLUSIONS OF LAW, FINAL JUDGMENT, AND DISMISSING CASE FOR LACK OF JURISDICTION

**BEFORE THE COURT** are several post-judgment motions filed by the parties in this matter. Most relevant are the [153] Motion and [155] Amended Motion for Judgment as a Matter of Law, or in the alternative, Motion for New Trial, filed by Defendant, Bay Pool Company Construction, which seek in part a

1

dismissal of the case for lack of subject-matter jurisdiction.[1]  For the reasons that follow, the Court finds that this case must be dismissed for lack of subject matter jurisdiction.  In addition, Court finds that sanctions in this matter are unwarranted.

## BACKGROUND

The Court will condense the factual and procedural history of this breach of contract case.  Plaintiff, Lee Swimming Pools, LLC ("Lee Swimming Pools"), is a pool construction company formed by owner Joel Lee, originally called Bay Pool Company.  In March 2016, pursuant to a $200,000 Purchase Agreement, Lee sold the assets of Bay Pool Company to Adam Landrum, who ran the business as Bay Pool Company Construction, LLC ("BPCC"). In 2018, Lee Swimming Pools filed suit against BPCC and Landrum, alleging that BPCC stopped making payments in August 2017, when the outstanding balance was $96,988.10.

The Complaint invoked diversity jurisdiction and asserted that both BPCC and Landrum—alleged to be its sole member—were citizens of Louisiana, while Lee—the sole member of Lee Swimming Pools—was a citizen of Mississippi. (*See* Am. Compl., ¶¶ 1-3, ECF No. 3).  On May 31, 2018, BPCC answered and counterclaimed, but also pled: "[t]his Court lacks jurisdiction of this Matter for lack of diversity of citizenship and should be dismissed." (Answ. & Countercl., ¶ 24, ECF No. 8).  BPCC also filed a [9] Motion to Dismiss the case, citing the lack of subject-

---

[1] Plaintiff, Lee Swimming Pools, LLC, filed a [152] Motion for Attorney Fees and Costs after prevailing at a bench trial.  Adam Landrum, a previously dismissed Defendant, has filed a [154] Motion for Attorney Fees as well.

matter jurisdiction under 28 U.S.C. § 1332. In the Motion, BPCC argued that both Adam Landrum and BPCC shared Plaintiff's citizenship in Mississippi. BPCC attached three exhibits—an affidavit of Landrum, a November 2017 AT&T bill for service at an address in Waveland, Mississippi, and a December 2017 water bill for the same address. In response, Plaintiff submitted Mississippi Secretary of State documentation of BPCC showing Landrum's residence in Walker, Louisiana. On June 22, 2018, BPCC filed a [14] Supplement to its Motion, further appending an affidavit of Landrum and a rental application to unidentified property.

On November 6, 2018, the Court [16] denied the Motion to Dismiss on the evidence presented. *Lee Swimming Pools, LLC v. Bay Pool Co. Constr. LLC*, No. 1:18CV118-LG-RHW, 2018 WL 5815557 (S.D. Miss. Nov. 6, 2018). The Court noted the jurisdictional rule that "'[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.'" *Id.* at *2 (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007)). Applying this dictum, the Court found that the evidence of relocation was too shallow to overcome the presumption that Landrum's domicile continued to be Louisiana. *Lee Swimming Pools*, 2018 WL 5815557, at *2. "[Landrum] apparently owns real property in Louisiana while he rents real property in Mississippi." *Id.* "Given all the possible ways to show indicia of the intention to stay in Mississippi, . . . [Landrum] has provided only a few bills for services at a home in Mississippi." *Id.* The Court therefore exercised jurisdiction over the case.

3

The parties litigated the case for the next three years. Before trial, the parties indicated that they harbored no remaining doubts about subject-matter jurisdiction.[2] (*See* Pretr. Order, ¶ 6, ECF No. 132) ("The following jurisdictional question(s) remain(s): None"). The case proceeded to a bench trial, held March 22-23, 2021, before the undersigned. No jurisdictional issue was raised at trial. On August 2, 2021, the Court issued [150] Findings of Fact and Conclusions of Law which found that Lee Swimming Pools had proven its breach of contract claim and that all other claims remained unproven. Accordingly, the Court entered a [151] Final Judgment entitling Plaintiff to the sum of $96,988.10.

After trial, things went off the deep end. On August 11, 2021, Plaintiff [152] moved for an award of attorneys' fees and costs, as permitted by contract. BPCC, on the other hand, filed a [153] Motion for Judgment as a Matter of Law. The motion suggested that the Court lacked diversity jurisdiction. Nothing was attached to this Motion, but it was later [155] supplemented with a document entitled "Act of Cash Sale." This exhibit records the Landrums' sale of real property bearing the same Walker, Louisiana address listed on the Mississippi Secretary of State documentation. (*See* Act of Cash Sale, ECF No. 155-1). In its [159] Response, Plaintiff again cited the address listed by the Mississippi Secretary of State and maintained that jurisdictional questions had been resolved in the 2018 motion. The

---

[2] Moreover, as noted by Plaintiff's counsel at the jurisdictional hearing, BPCC invoked the Court's diversity jurisdiction in filing its [24] Third-Party Complaint against Joel Lee, Island View Pools, LLC, and Joel Buchanan. (*See* 3rd Party Compl., ¶¶ 1-3, ECF No. 24).

4

Court set the matter for hearing on the suggestion of law of complete diversity, resurrected by the pending Motion for Judgment as a Matter of Law.

At the hearing, held on April 14, 2022, Lee Swimming Pools presented no evidence or testimony in favor of Landrum's citizenship in Louisiana. BPCC called two witnesses, who generally testified that the Landrums moved from Walker, Louisiana to the Bay Saint Louis, Mississippi area in October 2017 and intended to remain there indefinitely. BPCC also offered documentary evidence of the sale of their Walker address and relocation to Bay Saint Louis. After the testimony was heard, Lee Swimming Pools requested sanctions in connection with its theory that BPCC had withheld this jurisdictional evidence as a last resort in case it lost at trial. The Court has heard the evidence and testimony and is now prepared to issue a decision.

## DISCUSSION

### I. Nature of Defendant's Motion

BPCC's [153] Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial, requests that "the Complaint filed by Plaintiff, Lee Swimming Pools, LLC, . . . be dismissed as this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. 1332." (Mot. J. Matter L., ¶ 1, ECF No. 153). BPCC's [155] Amended Motion requests the same relief. (Am. Mot. J. Matter L., ¶ 1, ECF No. 155).

5

BPCC's Motions are improperly styled. Motions for judgment as a matter of law are governed by Rule 50 and are inapplicable in cases involving a bench trial. *See Western Trading v. Bell Avon*, 81 F.3d 155, at *1 (5th Cir. 1996) (per curiam). While the Court may construe the filing as a Motion for Partial Judgment under Rule 52(c), "which parallels the revised Rule 50(a), but is applicable to non-jury trials," *id.* (quotation omitted), the instant Motion does not request dismissal based on evidence (or lack thereof) introduced at trial, as contemplated by the Rule. *See* Fed. R. Civ. P. 52(c) ("If a party has been fully heard on an issue during a nonjury trial. . .").

It remains true, however, that the issue of subject-matter jurisdiction may be raised after entry of judgment. "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).[3] As such, Defendant's Motion is best characterized as a Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1), as well as a Motion for Relief from Judgment under Rule 60(b).

Rule 12(b)(1) motions should be granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*,

---

[3] *See also Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 422 (5th Cir. 2021) ("Where . . . the district court lack[s] subject-matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.' That is equally true when a party notices the jurisdictional defect before judgment, when a party notices it after judgment in Rule 60(b)(4) proceedings, and when no party notices it.") (citations omitted).

797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "When ruling on the motion, the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 203 (2017) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The burden of proof rests on the party asserting the existence of jurisdiction. *Id.* (citing *Ramming*, 284 F.3d at 161); *see also Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiff bore the burden of proving jurisdiction.

Under Rule 60(b), parties may seek relief from a final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). "[A] Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'" *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 64-65 (2d Cir. 1986)). "An order 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law.'" *Brumfield v. La. State*

*Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)).

## II. Subject-Matter Jurisdiction

A court must have subject-matter jurisdiction to render judgment, so "judgments made by a district court without subject matter jurisdiction are void." *Lower Colo. River Auth. v. Papalote Creek II, LLC*, 858 F.3d 916, 927 (5th Cir. 2017); *see also Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688-89 (5th Cir. 1980) (holding that where a court "lack[s] jurisdiction over the action, it ha[s] no power to render a judgment on the merits") (citing *Dassinger v. S. Central Bell Telephone Co.*, 505 F.2d 672, 674 (5th Cir. 1974)). Hence, a judgment void for lack of subject-matter jurisdiction is "properly vacated under Rule 60(b)(4)." *Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Trust*, 8 F.4th 417, 420 (5th Cir. 2021) (citing *Brumfield*, 806 F.3d at 298). The [151] Final Judgment will thereby sink or swim depending on the existence of subject-matter jurisdiction.

Here, Plaintiff has invoked the Court's diversity jurisdiction. BPCC disputes the diversity of the parties and hence the legitimacy of the [151] Final Judgment entered herein. BPCC is correct that a judgment rendered under the illusion of diversity jurisdiction is "a paradigmatic void judgment." *Mitchell Law Firm,* 8 F.4th at 420 (holding a judgment void under Rule 60(b) because "Mitchell is a Texas plaintiff suing a Texas defendant"). The Court will therefore dive into the law of diversity jurisdiction to resolve this matter.

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The plaintiff seeking recovery in federal court has the burden to show that there was complete diversity of citizenship when the complaint was originally filed. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 224 (5th Cir. 2012). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

The citizenship of a limited liability company, such as BPCC, is determined by the citizenship of each of its members. *Harvey*, 542 F.3d at 1080; *see also Brand Servs., L.L.C. v. Irex Corp.*, No. 17-30660, 2018 WL 5023783, at *2 (5th Cir. Oct. 17, 2018). Adam Landrum is a member of Defendant BPCC. Plaintiff, Lee Swimming Pools, contains a sole member, Joel Lee, who is a citizen of the state of Mississippi. Therefore, if Adam Landrum was a citizen of Mississippi at the time of filing—April 10, 2018—this Court was and is without jurisdiction over the entire action.

An individual party's citizenship is determined by where the party is domiciled. *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). Domicile consists of residence and the intention to remain for an unlimited time. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Garcia*

9

*v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007). "When a person's citizenship is challenged, the burden rests with that person to establish her citizenship by a preponderance of the evidence." *Costopoulos v. Uber Techs., Inc.*, No. CV 18-3590, 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) (citing *Preston*, 485 F.3d at 798). The Fifth Circuit has explained that "the party attempting to show a change [in domicile] assumes the burden of going forward on that issue. The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction." *Coury v. Prot*, 85 F.3d 244, 250-51 (5th Cir. 1996).

To determine "whether a person has changed his domicile, courts look at many factors." *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003). These factors include "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251. "Domicile is . . . evaluated in terms of objective facts." *Freeman*, 754 F.2d at 556.

Wading through the evidence, the Court must find that the Landrums became citizens of Mississippi in October 2017, before the Complaint was filed to

commence this action. (*See* Am. Compl., ECF No. 3). At the jurisdictional hearing, BPCC presented the testimony of two eyewitnesses, who generally testified that Adam Landrum and his wife, Whittney, relocated from Walker, Louisiana to Bay Saint Louis, Mississippi, in October 2017.

The first witness, Ms. Wendy Siewert, mother of Whittney Landrum and the mother-in-law of Adam Landrum, testified that she helped the Landrums move from their Walker, Louisiana address to Bay Saint Louis, Mississippi in October 2017.[4] Further, she testified that the relocation was intended to be permanent to facilitate Landrum's pool business. She also explained that Landrums' school-age daughter attended preschool and elementary school in the Waveland-Bay Saint Louis area. The next witness, Whittney Landrum, testified in agreement that she and Adam Landrum sold their home in Walker, Louisiana and migrated to Bay Saint Louis in October 2017, but she elaborated on the factors causing the move, adding that the Landrums preferred to be close to their family in Mississippi. She further reported that her daughter attended daycare and eventually preschool in Mississippi. Finally, Mrs. Landrum testified that she changed the utilities at their new residence within thirty-days of relocating to Bay Saint Louis.

---

[4] Ms. Siewert explained that the Landrums originally rented a house on Saint Charles Street in Bay Saint Louis, beginning in October 2017, but then constructed property on Highway 603 in the same city a few years later. Whittney Landrum later agreed with this testimony and clarified that the latter property is located in Kiln, Mississippi.

11

BPCC then introduced into evidence closing documents from the sale of their home, lease documents for their first Bay Saint Louis address, daycare documents, bank statements,[5] real estate tax documents, electric bills, and other such documents which tend to corroborate the witness testimony. On cross-examination, Plaintiff's counsel did not attempt to contradict this testimony or documentation; rather, she elicited Ms. Landrum's agreement that defense counsel possessed key relevant documents in 2018 which were not produced to the Court on the earlier jurisdictional motion practice.

On this testimony and documentary evidence, the Court must conclude that the Landrums were citizens of Mississippi at the time the Complaint was filed by virtue of their actual residence in Bay Saint Louis and undisputed intent to remain there indefinitely. *See Garcia*, 351 F.3d at 638-39. By extension, the LLC of which Adam Landrum was a member was a citizen of Mississippi at the time the Complaint was filed. *See Harvey*, 542 F.3d at 1080. At the close of the hearing, Plaintiff's counsel candidly conceded that the weight of the evidence does not establish the existence of subject-matter jurisdiction.

Accordingly, the parties were not diverse at the time the Complaint was filed, and the Court consequently lacked subject-matter jurisdiction over this action. The [150] Findings of Fact and Conclusions of Law and [151] Final Judgment rendered in this case must therefore be vacated under Rule 60(b)(4). *See Mitchell Law Firm,*

---

[5] Ms. Landrum explained that the BPCC bank statements list her mother's address because it remained consistent while they relocated.

8 F.4th at 420 (holding that a district court "properly vacated [a void judgment] under Rule 60(b)(4)" where it found that it lacked diversity jurisdiction post-judgment). Finally, this case shall be dismissed without prejudice under Rule 12(b)(1).

### III. Imposition of Sanctions

Having determined that it lacks subject-matter jurisdiction, the Court now turns to the issue of sanctions. Although it retains authority to impose sanctions,[6] the Court finds, albeit by the slimmest of margins, that sanctions in this case are unwarranted.

Rule 11 provides authority and certain bases for the Court to impose sanctions. Fed. R. Civ. P. 11(b).

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[6] "Jurisdiction to sanction does not require subject matter jurisdiction over the case but rather requires a showing of authority to sanction." *Blanco River, LLC v. Green*, 457 F. App'x 431, 438 (5th Cir. 2012) (citing *Willy v. Coastal Corp.*, 915 F.2d 965, 967 (5th Cir. 1990), *aff'd*, 503 U.S. 131 (1992)). "This circuit and others have recognized that to effectuate the goals of Rule 11, a district court must possess the authority to impose sanctions irrespective of the existence of subject matter jurisdiction." *Willy*, 915 F.2d at 967 (citing *In Vatican Shrimp Co. v. Solis*, 820 F.2d 674 (5th Cir. 1987) and *News-Texan, Inc. v. Garland*, 814 F.2d 216 (5th Cir. 1987)).[6] This decision was affirmed by the Supreme Court in *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (holding that a district court may "impose Rule 11 sanctions" to enforce "compliance with the applicable procedural rules" even where it lacks subject-matter jurisdiction).

13

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id.* Courts are permitted to impose sanctions for failure to perform the duties imposed by Rule 11. *Id.* R. 11(c).

Here, counsel for BPCC filed the original [8] Motion to Dismiss raising the issue of subject-matter jurisdiction in May 2018. Attached to this Motion and its [14] Supplement were an AT&T bill, a water bill, an affidavit of Adam Landrum, and an application to rent unspecified property. The Court, noting the Landrums' Walker, Louisiana address recorded by the Mississippi Secretary of State, as well as the jurisdictional rule that domicile presumptively continues unless rebutted with significant evidence, *see Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007), denied the Motion to Dismiss on the evidence presented. When BPCC revived the issue post-judgment, however, it presented manifold new evidence, including closing documents from the sale of the Landrums' previous home in Walker, Louisiana, the rental agreement to their Bay Saint Louis address, real estate tax documents, utility bills, and the like. These documents

14

essentially leave no room for doubt that the Court is without subject-matter jurisdiction.

It goes without saying that this new evidence was highly relevant to the issue of diversity of citizenship and should have been offered earlier, whether during the original Motion to Dismiss or at any other time during the life of this case in the federal court. BPCC's counsel, as an officer of the Court, maintained a duty of candor to the tribunal,[7] which included a duty to inform the Court of evidence necessary to resolve the question of jurisdiction. In the opinion of the Court, BPCC's counsel should have appended all available materials necessary to determine subject-matter jurisdiction. These additional materials would have spared the parties, counsel, and the Court a significant amount of money, time, labor and energy in the over three years of litigation that resulted in a bench trial and judgment from the wrong court. BPCC's omissions are severe and costly enough to warrant serious consideration of Rule 11 sanctions.[8]

---

[7] "An attorney who makes an appearance in any case in the district court is bound by the provisions of the MISSISSIPPI RULES OF PROFESSIONAL CONDUCT and is subject to discipline for violating them." L.R. 83.5. The Mississippi Rules of Professional Conduct incorporate a duty of candor to the Court. *See* Miss. R. Prof. Conduct 3.3.

[8] The Court notes that sanctions have been considered or imposed in the Fifth Circuit for misleading the court on matters of diversity of citizenship or subject-matter jurisdiction. *See, e.g., Nogess v. Poydras Ctr., LLC*, Civ. No. 16-15227, 2017 WL 396307 (E.D. La. Jan. 30, 2017) (sanctioning defense counsel under Rule 11 for failure to conduct a reasonable inquiry into diversity jurisdiction prior to removal and failing to allege properly the citizenship of members of an LLC). However, the Court finds the consistent and egregious pattern of conduct exhibited by counsel in the *Nogess* case distinguishable from the instant case.

At the hearing, Plaintiff accused BPCC's counsel of filing the limited evidence in May and June 2018 merely to test the water with the jurisdictional issue while withholding the majority of evidence in case his client lost at trial. Plaintiff thus suggested that BPCC's omission of relevant evidence was a deliberate strategic choice justifying the imposition of sanctions. In response, BPCC denied the allegations of gamesmanship and confessed that the evidentiary omission was an error in his legal analysis. While it is true that BPCC submerged the vast majority of the evidence that Landrum had permanently relocated to Mississippi in October 2017, the Court finds that BPCC offered a legitimate reason for his miscalculations. As an officer of the Court the sincerity of counsel's explanations are presumed to be genuine.

In addition, the Court reminds Plaintiff that it bore ultimate responsibility for proving subject-matter jurisdiction. *See Morris*, 852 F.3d at 419 ("The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'"). Moreover, in the event that Plaintiff ultimately prevails upon the merits of its breach of contracts claim, a court of competent jurisdiction will be in a position to assess all appropriate attorney fees and costs. The Court therefore declines to consider further the imposition of Rule 11 sanctions.

The Court's Findings of Fact and Conclusions of Law, as well as the Final Judgment will be vacated and set aside. In addition, this matter will be dismissed for lack of subject-matter jurisdiction. The parties are left to resurface and

16

relitigate their quiescent disputes in the calmer waters of an appropriate state tribunal.

Without doubt, a cavalier approach to the threshold question of federal jurisdiction is unwise.  This case painfully demonstrates that point.  "All are punished"[9]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [150] Findings of Fact and Conclusions of Law and [151] Final Judgment are hereby **VACATED** pursuant to Rule 60(b)(4).  Pursuant to Rule 12(b)(1), this lawsuit is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURSIDICTION**.

**SO ORDERED AND ADJUDGED** this the 25th day of April, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[9] WILLIAM SHAKESPEARE, ROMEO AND JULIET act 5, sc. 3, l. 295.